ELIZABETH THORNTON ET AL v. THOS. PEACOCK ET AL.

**Descent and Distribution—Life Estate—Remainder.**

A remainder interest in a life estate, is subject to sale under an execution, and an absolute deed therefor may be made.

**Same—Remainder.**

The father of the remaindermen, having purchased their interest at execution sale his note, given therefor is subject to be paid out of the deceased estate. But this will not affect the life estate of the wife in the land and she cannot be estopped from asserting her tenancy to the tract.

APPEAL FROM GARRARD CIRCUT COURT.

December 18, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

By the will of her deceased father, Elizabeth Thornton had a life estate in the 90 acres of land remainder to her children.

This remainder interest was subject to sale under execution, therefore, by virtue of the execution sales of the interest of Jno. M. Thornton and Wm. Thornton, two of her sons, their interest, by deeds, &c., passed to their father, John Thornton, who executed the note sued on for such interest, and this being a part of his estate, when he died was subject to be sold to pay said note.

But it was erroneous to sell it absolutely as a present, possessed, fee simple estate, disregarding Elizabeth Thornton's life interest. She is not estopped by anything in the suit with Lowe from now asserting her tenancy for life to the entire 90 acres of land.

For this error alone, the judgment is reversed, with directions for further proceedings consistent herewith.

*Anderson, for appellants.*

*McKee, for appellees.*